## ORPHANS' COURT OF BALTIMORE CITY.

Filed June 29, 1895.

### IN THE MATTER OF THE ESTATE OF EVERSFIELD F. KEERL, DECEASED.

*Rich & Bryan* and *Schmucker & Whitelock* for caveators.

*Skipwith Wilmer* for the Convention of the Protestant Episcopal Church.

Argued before LINDSAY, GANS and EDWARDS, JJ.

GANS, J.—

This is a case of caveat on the petition of Susan B. H. Keerl and Ann

M. Donnell, called in the petition, Ann Donnell, aunts of the decedent, filed June 24, 1895, praying that probate be refused to the paper writing dated July 29, 1891, alleged to be the last will and testament of the late Eversfield F. Keerl, heretofore propounded for probate in this Court. The answer to the said petition and caveat has been duly filed by the Convention of the Protestant Episcopal Church of the Diocese of Maryland, which is the devisee of substantially the entire estate of the decedent under the provisions of the said pretended will. On the 26th day of June, 1895, the time set for the hearing of the case, the said petitioners and the Convention of the Diocese of Maryland, by their counsel appeared for the trial of the case. The case turned entirely on the single issue: Was the testator mentally qualified, when he wrote the paper intended to be his last will and testament, to make a valid will?

After hearing the testimony of the witnesses upon the only issue, who were at length and carefully examined, the Court became entirely satisfied that the said paper-writing alleged to be the last will and testament of Eversfield F. Keerl, was executed by him at a time when he was not of a sound and disposing mind, and when he was legally incapable of making a valid will.

It is, therefore, this 29th day of June, 1895, adjudged, ordered and decreed that the said paper-writing alleged to be the last will and testament of Eversfield F. Keerl, late of Baltimore City, deceased, is not the last will and testament of said Eversfield K. Keerl, but that the same is null and void, and of no effect as his will, and that probate, thereof is refused. And it is further ordered that all the costs of this case arising out of the filing of the said petition and caveat and the trial of the same, be paid out of the estate of said deceased.